# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: June 9, 2015

**NO. 32,521**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**JASON BAILEY,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela-Shepherd, District Judge**

Hector H. Balderas, Attorney General
Paula E. Ganz, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

{1}     Defendant Jason Bailey appeals his conviction for criminal sexual contact of a minor in the second degree pursuant to NMSA 1978, Section 30-9-13(B) (2004). Defendant argues that the district court erred when it admitted evidence of uncharged bad acts under Rule 11-404(B) NMRA and Rule 11-403 NMRA. More specifically, Defendant argues that the district court erred when, mid-trial, it reversed an earlier ruling that excluded evidence of an alleged out-of-jurisdiction sexual act by Defendant against Child. Defendant argues that this evidence was propensity evidence and was more prejudicial than probative. We do not conclude that the district court abused its discretion when it admitted this evidence. Defendant also argues that the district court committed error by allowing a qualified expert to offer an opinion beyond the scope of the expert's qualified expertise. We are not persuaded by Defendant's argument on this point. We affirm.

**BACKGROUND**

{2}     Defendant was charged with sex crimes relating to incidents reported by his daughter (Child) that occurred when Child was between about six and nine years of age. The charges related to two separate time intervals when the family lived in

Bernalillo County, New Mexico. In between the periods of time that the family lived in Bernalillo County, the family lived in Sandoval County, New Mexico.

{3} Defendant was tried twice. Defendant's first trial resulted in dismissal of five of the counts by directed verdict and a mistrial due to jury disagreement on the remaining four counts. Defendant was retried on the remaining four counts.

{4} Two incidents formed the basis of Defendant's charges at the retrial. Child reported that Defendant placed ointment on his finger and touched and rubbed Child's vagina after she got out of the shower and was wearing only a towel. Child reported that this occurred during the first time period the family lived in Bernalillo County. Child also reported that Defendant rubbed his penis on Child's back while they were both in the shower. This occurred during the second time period the family lived in Bernalillo County. On the basis of these two incidents, Defendant was charged with two counts of criminal sexual penetration of a minor in the first degree, child under thirteen years of age, and two counts of criminal sexual contact of a minor in the third degree, child under thirteen years of age.

{5} Prior to the second trial, the State filed a motion to admit evidence of a purported prior conviction for a sex crime and an uncharged act against Child that occurred while the family was living in Sandoval County. Child reported that, in Sandoval County, Defendant roused Child from sleep at night to watch her favorite

2

movie, laid Child on top of him, placed ointment on his hand, placed his hand in her pajamas, and touched and penetrated her vagina.[1] The State argued in its motion that evidence of Defendant's uncharged conduct was admissible under Rule 11-404(B)(2) as proof of Defendant's intent. According to the State, Defendant's defense at the first trial was that the charged incidents involved normal parenting and that Defendant lacked sexual intent. The State asserted that Defendant had argued at the first trial that his actions were misperceived as sexual by Child. Defendant had argued that Child was prone to this type of misperception because Child was a victim of prior sexual abuse by her mother's boyfriend. According to the State, the Sandoval County incident was not amenable to an interpretation as normal parenting, and thus it was probative of Defendant's sexual intent and, by inference, that Child correctly perceived the incidents for which Defendant was charged. Defendant argued that evidence of the Sandoval County incident was propensity evidence and therefore inadmissable under Rule 11-404(B). Defendant also seemed to argue that the Sandoval County evidence was inadmissible under Rule 11-403 because of the prejudicial effect of the evidence. The district court denied the State's motion, finding that the evidence was "only being offered to prove the witness' understanding, and

_____

[1] This account is taken from Child's testimony at the retrial. The safehouse interview on which the original report was based is not in the record on appeal.

3

[Rule 11-404(B)] does not actually address that type of issue . . . [;] this type of evidence is highly prejudicial and it's more prejudicial than probative[.]" Consequently, Child was instructed not to discuss the Sandoval County incident at the retrial.

{6}     During the retrial, defense counsel had the following exchange with Child on cross-examination in which he confronted Child about lying during the safehouse interview and then asked questions in which defense counsel seemed to conflate the two incidents involving ointment, one of which took place in Bernalillo County and was the basis for charges, and the other from Sandoval County, which was uncharged and excluded from evidence by the district court:

| [Defense Counsel]: | Now, do you recall that you told me that when you were watching the video [of your interview at the safehouse] that you realized that you were lying and not telling the complete truth? |
|---|---|
| [Child]: | Well, yes, because there's some things when the [interviewer at the safehouse] would ask me a question I would say I don't know, and I really did know. |
| [Defense Counsel]: | Uh-huh. Okay. For example, let's talk about the ointment incident, okay? When you first disclosed the ointment incident you told people or you told the interviewer that [Defendant] had taken your pants off and put |

4

the ointment on you; right? Do you remember that?

[Child]: I think that was a different incident. I don't know. That it wasn't—because I remember coming out of the shower.

[Defense Counsel]: Okay. Well, the ointment incident, what you have described it [sic], what happened at [one of the Bernalillo County residences]; correct?

[Child]: Yes.

[Defense Counsel]: Okay. Do you remember that to begin with the first time that you mentioned the ointment incident you had told the interviewer that [Defendant] had actually pulled your pants down and then applied the ointment?

[Child]: I don't think that happened.

[Defense Counsel]: But do you remember saying that?

[Child]: No.

{7} The State then asked to approach the bench. There, defense counsel claimed that in the above exchange he was exposing inconsistencies between Child's earlier account of the Bernalillo County ointment incident for which Defendant was on trial and Child's account of that incident offered in court. The State argued that defense counsel made Child seem confused by importing a detail—pants—from the uncharged Sandoval County incident, that Child was instructed not to discuss, into

questions ostensibly about one of the charged incidents from Bernalillo County. Common to both incidents was the use of ointment, among other factors, but Child was wearing pants only during the Sandoval County incident. The State argued to the court that defense counsel had opened the door to testimony about the uncharged Sandoval County incident because defense counsel used elements of the Sandoval County incident in his questions to Child, thereby creating an impression that Child was confused about the incident for which Defendant was charged. The State also argued that the uncharged incident was relevant to proving the sexual intent of Defendant during the two charged incidents, and, further, that the "crux" of the defense was that there was "no [sexual] intent" on the part of Defendant. Defense counsel conceded that intent was at issue in this case, stating that:

> [I]ntent is always an issue in every single case. So just because intent is an issue in this case doesn't mean that [Rule 11-]404(b) opens the doors to propensity evidence and bad character evidence to allow the State to get a conviction. Intent is always an issue. It's an issue here.

{8} After hearing argument, the court took a lunch recess and advised counsel to perform legal research to present case law to the court. After the recess, the court heard additional argument and required a lengthy voir dire examination of Child, both direct and cross, to enable the court to hear content of the testimony. The court ruled, based on Rule 11-404(B), that the State was allowed to present evidence of "only the

alleged act of incident [sic] that occurred in Sandoval County that included the ointment." The court found that "[i]ntent . . . [was] relevant to the material issue—or to a material issue" in the case. It did not rely on the State's "opening the door" argument.

{9} Child testified and was cross-examined about the Sandoval County incident. The jury was instructed that the evidence admitted about the Sandoval County incident should be considered "only for the purpose of determining[] the existence of the intent which is a necessary element of the crimes charged in this case."

{10} We will include additional facts as necessary in our discussion below.

**ADMISSION OF EVIDENCE OF THE UNCHARGED ACTS**

{11} Defendant argues that the district court committed error by admitting Child's testimony relating to the incident from Sandoval County of uncharged abuse by Defendant. Defendant argues that the evidence was not admissible under Rule 11-404(B) and, even if admissible under Rule 11-404(B), the evidence should have been disallowed under Rule 11-403. We review both arguments for an abuse of discretion. *See State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8 (stating that we review the decision of a trial court to admit evidence under Rule 11-404(B) for an abuse of discretion); *id.* ¶ 14 (same under Rule 11-403). Only when a ruling of the trial court is clearly untenable, not justified by reason, or clearly against the logic and

7

effect of the facts and circumstances of the case, will we hold that the trial court abused its discretion in admitting or excluding evidence. *Id.* ¶ 9. We examine the arguments of Defendant in turn.

**Rule 11-404(B)**

{12} Rule 11-404(B) establishes boundaries for the admission of evidence of other crimes, wrongs, or acts. Rule 11-404(B) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In other words, evidence of other misconduct may not be admitted into evidence to demonstrate that "because the defendant committed those acts in the past, he is more likely to have committed them at the time of the charged offense." David A. Sonenshein, *The Misuse of Rule 404(B) on the Issue of Intent in the Federal Courts*, 45 Creighton L. Rev. 215, 220 (2011). However, Rule 11-404(B) allows evidence of other misconduct to be admitted, if legally relevant, for numerous other purposes, including to prove the intent of the defendant. *See* Rule 11-404(B)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."); Rule 11-402 NMRA (stating that relevant evidence is generally admissible except as subject to contrary constitutional, statutory, or rule provisions, but "[i]rrelevant

evidence is not admissible"). "Before admitting evidence of other crimes, wrongs or acts, the trial court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime[.]" *Otto*, 2007-NMSC-012, ¶ 10 (internal quotation marks and citation omitted). Rule 11-404(B) does not require that "evidence admitted under [the] rule be offered only to rebut evidence presented by the defense." *See id.* ¶ 11.

{13}     In this case, Defendant's intent was an element of the charges. The jury was instructed that an aspect of the State's burden was to prove that Defendant touched Child in a manner that was "unlawful." Defendant acted unlawfully only if he acted with "the intent to arouse or gratify sexual desire or to intrude upon the bodily integrity or personal safety of [Child.]" "[T]ouching or penetration for purposes of reasonable medical treatment or nonabusive parental care" would not be considered unlawful. Defendant did not dispute that he touched Child in a manner fundamentally consistent with Child's allegations, but, instead, argued that Defendant touched Child without sexual intent.

{14}     Defendant contends that evidence of the Sandoval County incident was inadmissible propensity evidence under Rule 11-404(B). Defendant mainly relies on three cases in support of this contention, citing them for the proposition that "[a]

number of prior New Mexico cases have held 'bad acts' evidence inadmissible." [2] All three were joinder cases, in which multiple charges against a single defendant were tried in a single proceeding. *See Lovett*, 2012-NMSC-036, ¶¶ 7, 55 (reviewing the joinder of two first degree murder charges and related charges from two separate instances); *Gallegos*, 2007-NMSC-007, ¶¶ 4-5 (reviewing the joinder of multiple sexual charges against two different females); *Ruiz*, 2001-NMCA-097, ¶ 12 (reviewing the joinder of sexual charges relating to three girls). In each case, there was an issue as to whether the joinder permitted the jury to consider evidence that was not cross-admissible under Rule 11-404(B). *Lovett*, 2012-NMSC-036, ¶¶ 9, 11, 30-31; *Gallegos*, 2007-NMSC-007, ¶¶ 19-21; *Ruiz*, 2001-NMCA-097, ¶ 12.

{15}     Intent was not an issue in any of the three cases cited by Defendant. And in each case, the court did not find an alternative exception under Rule 11-404(B) that would allow cross-admissibility. In *Lovett, Gallegos*, and *Ruiz*, the reviewing court held that evidence of each of the joined charges *vis-à-vis* the other charges was not relevant for any purpose other than propensity and disallowed the joint trial. *Lovett*, 2012-NMSC-036, ¶ 48; *Gallegos*, 2007-NMSC-007, ¶¶ 23, 36; *Ruiz*, 2001-NMCA-097, ¶¶ 16, 18, 23. The disputed evidence in these cases concerned whether the acts

---

[2] Defendant cites *State v. Lovett*, 2012-NMSC-036, 286 P.3d 265; *State v. Gallegos*, 2007-NMSC-007, 141 N.M. 185, 152 P.3d 828; and *State v. Ruiz*, 2001-NMCA-097, 131 N.M. 241, 34 P.3d 630.

alleged to have been committed by the defendants happened in fact, not the mental state of the defendants in committing those acts. Because intent was not at issue in these cases, and the evidence of the acts admitted through joinder was probative only as propensity evidence, the three cases cited by Defendant are not persuasive in the context of this case.

{16} The Rule 11-404(B) analysis in this case is akin to that of *Otto*, 2007-NMSC-012. In *Otto*, the defendant was charged with criminal sexual penetration of his step-daughter, a minor. *Id.* ¶¶ 1-2. A detective testified in *Otto* that the defendant made a statement to police in which he indicated that he did not think he penetrated his step-daughter, but that he was "ready" to do so and then woke up. *Id.* ¶ 6. The State sought to introduce alleged, uncharged acts by the defendant against the same victim, committed subsequent to the charged incident in another state. *Id.* ¶¶ 2-3. The defendant argued that the evidence should have been excluded because his defense was not that he "mistakenly or without knowledge committed sexual acts" but, instead, that the sexual contact was committed without penetration. *Id.* ¶ 11. The Court noted that the defendant's statement might have suggested to the jury that the defendant was admitting to penetrating his step-daughter, but "unconsciously[.]" *Id.* It held that the prosecution "had the right to introduce evidence to show that [the d]efendant's actions were intentional and not committed accidentally or by mistake."

11

*Id.* In the case before us, Defendant conceded that his intent was at issue under his argument and, as in *Otto*, the disputed evidence was offered to prove that Defendant acted with the requisite intent.

{17}     Simply stated, under Rule 11-404(B) and our case law, the issue before the district court was whether the uncharged incident from Sandoval County was, in fact, relevant to the material legal issue of Defendant's intent. We agree with the district court that it was. Defendant's argument focused on lack of sexual intent. Evidence of the Sandoval County incident, that alleged non-parental touching, was relevant to whether Defendant touched Child with unlawful intent.

{18}     We note an argument made by Defendant that even an analysis that focuses on Defendant's intent relies on a propensity inference, and, therefore, the Sandoval County incident was improperly admitted under Rule 11-404(B). The inferential chain suggested by Defendant's argument might be as follows: Defendant touched Child with sexual intent in Sandoval County; therefore, he is the sort of person who touches children with sexual intent; because he is that sort of person, he is more likely to have had sexual intent during the charged acts. Thus, according to Defendant, the evidence is inadmissible. Under Rule 11-404(B), however, the admissibility of evidence of other acts does not depend on whether the evidence is potentially illegitimate evidence of character, but, instead, on whether there is a permissible

purpose. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (stating that when certain evidence "has the dual nature of legitimate evidence of an element [of a charge] and illegitimate evidence of character" the evidence satisfies federal Rule 404(B) and admissibility is determined under federal Rule 403); *Gallegos*, 2007-NMSC-007, ¶ 22 (stating that evidence is inadmissible under Rule 11-404(B) if "its sole purpose or effect is to prove criminal propensity").

{19}     As a result, the district court did not abuse its discretion by allowing evidence of the uncharged Sandoval County incident past the threshold of Rule 11-404(B). We cannot disagree that evidence was relevant to the material issue of Defendant's intent with regard to the charged acts alleged by Child. We now examine the admission of this evidence under Rule 11-403. *See Lovett*, 2012-NMSC-036, ¶ 32 ("If the evidence is probative of something other than propensity, then we balance the prejudicial effect of the evidence against its probative value [when applying Rule 11-403]." (internal quotation marks and citation omitted)).

**Rule 11-403**

{20}     Rule 11-403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." At issue in this case is

the balance between probative value and unfair prejudice. Unfair prejudice, in the context of Rule 11-403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted). Evidence is unfairly prejudicial "if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *Id.* (internal quotation marks and citation omitted). The determination of unfair prejudice is "fact sensitive," and, accordingly, "much leeway is given trial judges who must fairly weigh probative value against probable dangers." *Otto*, 2007-NMSC-012, ¶ 14 (internal quotation marks and citation omitted). However, we will "not . . . simply rubber stamp the trial court's determination." *State v. Torrez*, 2009-NMSC-029, ¶ 9, 146 N.M. 331, 210 P.3d 228 (internal quotation marks and citation omitted). As stated above, we review a trial court's weighing of probative value against unfair prejudice for an abuse of discretion. *Otto*, 2007-NMSC-012, ¶ 14.

{21}     Defendant argues that evidence of prior crimes in general and, in particular, evidence of prior child molestation, is highly prejudicial. He also argues that the Sandoval County incident was of "*de minimis* probative value" because that incident

14

was dissimilar to the charged incidents, "took place after [one of] the charged event[s]," and Child's account was uncorroborated and changed over time. In addition, Defendant argues that a note submitted by a juror indicated that the jury was "focus[ed] on what really happened in that uncharged incident" and, therefore, was unfairly prejudiced such that a mistrial was necessary. This note asked whether the condition of Child's hymen as noted during her medical examination was consistent with Child's Sandoval County allegations. Lastly, Defendant argues that the mid-trial ruling by the court allowing evidence of the Sandoval County incident "unfairly surprised" Defendant.

{22} We conclude that the district court did not abuse its discretion in deciding that the Sandoval County incident, which involved allegations of the same type of incident against the same alleged victim during a time period between the two charged incidents, was neither too dissimilar nor too remote in time to be of significant probative value. Defendant presented evidence that Child's prior sexual abuse may have affected her capacity to discern whether behavior was or was not sexual and argued vigorously that his actions toward Child were normal parental care and that he did not have sexual intent. Evidence of unlawful intent was a required element of the charges against Defendant. Evidence that Defendant touched Child in a sexual manner that was not amenable to an interpretation as normal parental care

15

could reasonably be deemed of probative value, especially considering that evidence of Defendant's intent was otherwise scarce.

{23} In addition, under the circumstances of this case, the district court's mid-trial decision to admit evidence of the Sandoval County incident did not unfairly surprise or unfairly prejudice Defendant. *See id.* ¶ 16 ("The purpose of Rule 11-403 is not to guard against any prejudice whatsoever, but only against the danger of unfair prejudice." (alterations, internal quotation marks, and citation omitted)). By the retrial, after defending against two motions in limine that sought to admit evidence of the Sandoval County incident, defense counsel was well-aware of this evidence. Nor are we convinced that we should overrule the district court's decision to admit the evidence based on a single question by a juror.

{24} Defendant further states that child molestation provokes "strong visceral reactions of repugnance" in jurors and that there is a "culturally prevalent belief that a 'child molester' has a propensity to molest children." Against this background, Defendant argues that the admission of evidence of the alleged Sandoval County incident constituted unfair prejudice. Hearing and evaluating evidence of terrible events and acts without allowing emotion to gain the upper hand over reason is, naturally, challenging. Yet, we sometimes ask this task of jurors. This case involved alleged sexual misconduct against Child by her father. We cannot find a basis to

16

conclude that the district court abused its discretion in deciding that the Sandoval County incident was similar enough to allow its admission or an abuse of discretion in the district court's decision that would indicate that the evidence was unfairly prejudicial.

{25}     Lastly, Defendant argues that the limiting instruction to the jury exacerbated the unfair prejudice because "telling a jury to consider the evidence as evidence of intent merely re-inforces [sic] the 'common sense' use of the evidence as showing propensity." However, Defendant did not object to the instructions or offer an alternative one. With such lack of preservation, we will reverse only for fundamental error, and Defendant has not asserted fundamental error on appeal. *See State v. Sandoval*, 2011-NMSC-022, ¶¶ 14-15, 150 N.M. 224, 258 P.3d 1016 (reviewing for fundamental error when parties do not object to tendered jury instructions).

{26}     In sum, the district court did not abuse its discretion in finding that the probative value of Child's testimony about the Sandoval County incident was not substantially outweighed by any unfair prejudice caused by admission of this evidence. *See* Rule 11-403; *Otto*, 2007-NMSC-012, ¶ 14 (stating that under Rule 11-403 we review the decision of a trial court to admit evidence for an abuse of discretion). The district court did not commit reversible error under Rule 11-404(B) or 11-403 by admitting evidence of the Sandoval County incident.

**TESTIMONY OF DR. RENEE ORNELAS**

{27}     Defendant contends that the district court committed error by failing to grant a mistrial during the testimony of Dr. Renee Ornelas. Dr. Ornelas was qualified as an expert in child sexual abuse. She testified for the State. The following exchange took place during her direct examination:

State:     Would a physician ever prescribe not putting any kind of ointment on or near the genital area when someone has a U[rinary] T[ract] I[nfection] or give instructions on avoiding that area?

Dr. Ornelas: Well, you wouldn't put ointment on a child's genitalia for a urinary tract infection. And typically—and in this age group a nine year old, we would show them how to put it on themselves. It's not typical for a parent of a child of this age to do that kind of intimate care. Certainly that kind of intimate care another person, a caretaker, you know, applying something, that would be appropriate for a baby or toddler.

But just like a nine year old doesn't need somebody to clean their genital area—

{28}     Defense counsel objected, approached the bench, and requested either a mistrial or an instruction to the jury to disregard this testimony as the "personal opinion [of Dr. Ornelas] about a nine year old." The district court granted neither, stating that the testimony was "in line with the line of questioning that [defense counsel] asked [Dr. Ornelas] concerning what a parent would do on a child." On

18

appeal, Defendant argues that a mistrial was necessary because Dr. Ornelas' testimony was beyond the scope of her expertise and, as such, inadmissible.

{29} We review a trial court's decision to grant or refuse a mistrial for an abuse of discretion. *State v. Torres*, 2012-NMSC-016, ¶ 7, 279 P.3d 740. "The trial court abuses its discretion in ruling on a motion for mistrial if in doing so it acted in an obviously erroneous, arbitrary, or unwarranted manner." *Id.* (internal quotation marks and citation omitted). Even if the admission of the evidence was error, the State argues that the error was harmless, and therefore not reversible. *See State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110 ("Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful."). When evaluating whether a violation of evidentiary rules was harmless, "we ask whether there [was] a reasonable probability that the error affected the jury's verdict." *Lovett*, 2012-NMSC-036, ¶ 52.

{30} The jury did not convict Defendant of any charge that related to the contested testimony of Dr. Ornelas. Defendant was only convicted of a charge based on the incident that took place in the shower during the second time period the family lived in Bernalillo County. This incident did not involve ointment or the propriety of applying ointment to Child. The testimony to which defense counsel objected did not relate to this incident. Thus, even if the testimony complained of was improperly

19

admitted, there is not a reasonable probability that the error affected the verdict of the jury. As a result, any error in the admission of this testimony was harmless and, accordingly, Defendant is not entitled to a new trial on this basis. *See id.* (stating that harmless error review entails an inquiry into whether there was a reasonable probability that the jury's verdict was affected by the error).

**CONCLUSION**

{31}    For the foregoing reasons, we affirm Defendant's conviction.

{32}    **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**I CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


**TIMOTHY L. GARCIA, Judge (dissenting).**

20

**GARCIA, Judge (dissenting).**

{33} I respectfully dissent from the majority opinion for two reasons.

{34} First, the irregular way in which the district court eventually admitted the Sandoval County evidence prejudiced the defense. In denying the State's motion to admit the Sandoval County evidence prior to the second trial, the district court concluded that the purpose of the Sandoval County evidence was: (1) to "bolster the testimony of the alleged victim . . . to show that . . . she's not misinterpreting [Defendant's actions,]" and (2) that the evidence was "only being offered to prove the witness'[s] understanding" and not the Defendant's intent. It further concluded that the Sandoval County evidence was "extremely prejudicial to the defense" and "more prejudicial than probative [under a Rule 11-403 analysis.]" This ruling encouraged Defendant to proceed at trial with his theory that Child may have misinterpreted Defendant's intentions, with the understanding that raising this theory would not trigger a Rule 11-404(B)(2) exception to the rule's prohibition against using other bad acts evidence. Accordingly, defense counsel asserted in his opening statement that expert testimony would show that Child "may be misinterpreting what may be normal contact between a parent and a child." The majority affirms the conviction on the basis that Defendant opened the door to the Sandoval County evidence when he asserted this theory of defense. Maj. Op. ¶¶ 16-17. I submit that it is unfair to

21

Defendant to conclude that he opened the door to the Sandoval County evidence when he did so in reliance on the district court's specific pretrial ruling that his theory of defense concerning Child's potential for misinterpretation would in fact *not* open the door to the Sandoval County evidence. Under these circumstances, I would reverse the conviction on the basis that the district court's actions in this case created a situation that "appears . . . inconsistent with substantial justice." Rule 5-113 NMRA ("Error in either the admission or exclusion of evidence and error or defect in any ruling . . . is not grounds for granting a new trial . . . unless refusal to take . . . such action appears to the court inconsistent with substantial justice.").[3]

{35}    Second, the majority extends Rule 11-404(B)(2)'s "intent" exception beyond the circumstances previously identified by our Supreme Court. At the time that the district court decided to admit the Sandoval County evidence, no evidence had yet been presented by either party calling Defendant's intent into question, and defense counsel had not yet presented its evidence concerning Child's potential for

---

[3] It is also worth noting that when the district court eventually allowed the State to present the Sandoval County evidence, it explained only that the evidence was "relevant" to "[i]ntent," which was "a material issue in this case." The district court did not re-evaluate its pretrial determination that the Sandoval County evidence was "extremely prejudicial" and "more prejudicial than probative" under Rule 11-403. Without more in the record, it is impossible to determine why the district court reversed its previous ruling and determined that the highly prejudicial Sandoval County incident became admissible under Rule 11-403. No explanation other than relevance was identified by the district court.

misinterpretation. Although defense counsel raised the misinterpretation issue in his opening statement, opening statements are not evidence. *See* UJI 14-101 NMRA ("Statements of the lawyers . . . are not themselves evidence."). Our Supreme Court has held that other acts evidence involving the same victim generally may be admitted in child sexual abuse cases to counter evidence that has been admitted showing that the defendant did not have the requisite sexual intent. *See State v. Sena*, 2008-NMSC-053, ¶ 14, 144 N.M. 821, 192 P.3d 1198 (affirming admission of other acts evidence where Defendant told witnesses that he had touched the victim's vagina while putting ointment on her rash and that he had not done so sexually); *State v. Kerby*, 2007-NMSC-014, ¶ 26, 141 N.M. 413, 156 P.3d 704 (affirming admission of other acts evidence where the defendant "injected the issue of intent by calling his mother to testify that [the d]efendant told her the touch was merely a fatherly pat on the bottom"); *Otto*, 2007-NMSC-012, ¶ 11 (affirming admission of other acts evidence where evidence had been presented that Defendant told detectives he may have sexually touched the victim unconsciously while he was half-asleep). However, we have not encountered any case from our Supreme Court concluding that other acts evidence may be admitted *before* any evidence was presented calling the defendant's intent into question but merely because the defendant's intent is an element of the crime and is at issue in every child sexual assault case. Because a defendant's intent

is normally an element of every criminal charge, allowing the state to use other bad acts evidence to establish its initial burden of proof regarding the element of criminal intent, before any evidence is admitted placing Defendant's intent into question, effectively eviscerates the well-recognized protections provided under Rule 11-404(B)(1).

{36} It has been a longstanding fear that criminal propensity or other bad acts evidence is extremely prejudicial and may be misapplied to obtain a conviction. *See Gallegos*, 2007-NMSC-007, ¶ 21 ("The nearly universal view is that other-acts evidence, although logically relevant to show that the defendant committed the crime by acting consistently with his or her past conduct, is inadmissible because the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect." (internal quotation marks and citation omitted)); *State v. Lamure*,1992-NMCA-137, ¶ 47, 115 N.M. 61, 846 P.2d 1070 (Hartz, J., specially concurring) ("One cannot ignore the long tradition of courts and commentators expressing fear that jurors are too likely to give undue weight to evidence of a defendant's prior misconduct and perhaps even to convict the defendant solely because of a belief that the defendant is a bad person."); *see also Old Chief*, 519 U.S. at 181 (recognizing that although other acts evidence is relevant, "the risk that a jury

24

will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect"); *People v. Smallwood*, 722 P.2d 197, 205 (Cal. 1986) (recognizing that other acts evidence "is the most prejudicial evidence imaginable against an accused"), *disagreed with on other grounds by People v. Bean*, 760 P.2d 996, 1008 n. 8 (Cal. 1988); Edward J. Imwinkelried, *Undertaking the Task of Reforming the American Character Evidence Prohibition: The Importance of Getting the Experiment Off on the Right Foot*, 22 Fordham Urb. L.J. 285, 288 (1995) ("The contemporary abhorrence of sexual misconduct and offenses against children is as intense as it is widespread. Repulsed by evidence of such uncharged crimes by an accused, a juror might be tempted to look past weaknesses in the prosecution's proof of the accused's guilt of the uncharged crime."). I would urge our Supreme Court to reconsider and clarify the bounds of the application of Rule 11-404(B)(2) during the state's case-in-chief, especially under the circumstances presented in this case.

_____

**TIMOTHY L. GARCIA, Judge**

25