This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41086**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JACOB DVORAK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt M. Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the judgment and sentence convicting him of one count of receipt, transportation, or possession of a firearm as a felon. [RP 133] Defendant contends that the district court abused its discretion under Rule 11-403 NMRA when it admitted a prior plea and disposition agreement to prove Defendant's knowledge of his status as a felon. [BIC 4]

**{3}** Rule 11-403 provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The fact that evidence prejudices [the] defendant is not grounds for its exclusion." *State v. Watley*, 1989-NMCA-112, ¶ 23, 109 N.M. 619, 788 P.2d 375. The prejudicial effect, rather, must substantially outweigh its probative value. *See State v. Salgado*, 1991-NMCA-111, ¶ 11, 112 N.M. 793, 819 P.2d 1351 (citing Rule 11-403). "For purposes of Rule 11-403, the term unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Martinez*, 2021-NMSC-002, ¶ 101, 478 P.3d 880 (internal quotation marks and citation omitted). "Because a determination of unfair prejudice is fact-sensitive, much deference is given to district court judges to fairly weigh probative value against probable dangers." *Id.* "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "Only when a ruling of the [district] court is clearly untenable, not justified by reason, or clearly against the logic and effect of the facts and circumstances of the case, will we hold that the [district] court abused its discretion in admitting or excluding evidence." *State v. Bailey*, 2015-NMCA-102, ¶ 11, 357 P.3d 423.

**{4}** In the present case, the State sought admission of the plea agreement in Defendant's prior felony case to prove both his status as a felon, and also his knowledge of said status because the agreement bore his signature. [BIC 4] Defendant argued that the admission of this plea agreement was cumulative of information already available in the judgment and sentence of the same case, which was also presented to the jury. [BIC 4] The district court disagreed, concluding that Defendant's signature on the plea agreement provided additional relevant evidence. [BIC 4] Apparently sensitive to the potential prejudice of the document, the district court—upon request of Defendant—significantly redacted many potentially prejudicial details contained in the plea agreement. [BIC 4]

**{5}** Defendant now contends that the redactions made at his request caused the jury to "speculate on what horrible truths were concealed by the extensive redactions on the document" and that the "sheer amount of black ink on the page unnecessarily gave the jury a powerful visual cue." [BIC 9] Defendant has failed, however, to provide any authority suggesting that redactions in a document are so unfairly prejudicial that a district court abuses its discretion by allowing a jury to view a document containing them. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Moreover, Defendant

having created the alleged error by requesting the redactions in the document cannot now be heard to claim reversible error on this point. *See State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal."); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Accordingly, we conclude that the district court did not abuse its discretion in admitting the plea agreement.

**{6}**    Defendant also contends that the district court erred in denying his motion for mistrial. [BIC 10] "A denial of a motion for mistrial is reviewed under an abuse of discretion standard." *State v. Swick*, 2012-NMSC-018, ¶ 68, 279 P.3d 747 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted).

**{7}**    Supporting this claim of error, Defendant states that the district court held a bench conference with both counsel for the State and Defendant to discuss the admission of the plea agreement previously addressed in this opinion. [BIC 10] At some point during the bench conference, it became clear that some members of the jury had overheard portions of the conversation. [BIC 10] The district court then stopped the proceeding to question several of the jurors about what they heard, and while one juror accurately identified the topic of the bench conference as being about the admission of the plea agreement, they did not have further details. [BIC 10] Defendant admits that the district court's questioning established "none of the jurors overheard anything specific from the bench conference" but nonetheless argues that the district court erred in failing to issue a curative instruction or grant a mistrial. [BIC 12] Initially we note that it does not appear that Defendant requested that the district court give a curative instruction of any kind, nor does he argue for an application of fundamental error. *See* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."); *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (explaining that we employ the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice."). Additionally, it is unclear about what purpose a curative instruction would have served under these circumstances where the district court took affirmative steps to ensure that no juror was apprised of the substance of the bench conference discussion. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate error). Moreover, we are unpersuaded by Defendant's bare contention that some jurors may have speculated about the bench conference to such a degree that the denial of a mistrial would warrant an abuse of district court discretion under these facts, particularly when considering the fact that the substance of the bench conference was the plea agreement, and that agreement was eventually admitted into evidence. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10; *Rojo*, 1999-NMSC-001, ¶ 41. Consequently, we conclude that the district court did not abuse its discretion in denying Defendant's motion for mistrial.

**{8}** Based on the foregoing, we affirm Defendant's conviction.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**