This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41668**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MANUEL HERNANDEZ,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemary Cosgrove-Aguilar, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Defendant appeals his conviction for driving while under the influence of intoxicating liquor (DWI). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to maintain that the trial court erred "in considering the passenger's conduct in determining whether" Defendant was impaired. [MIO 5] In our proposed disposition, we suggested Defendant had not

shown how the trial court made improper use of the evidence in convicting him of DWI. [CN 2-3] Defendant now contends that the arresting officer testified that he arrested Defendant for DWI based on the totality of the circumstances, which included, among a number of other factors, Defendant's "passenger being outside of the window taking a selfie with [Defendant's] knowledge." [MIO 3, 5] According to Defendant, the trial court "appears to have relied at least in part on [the arresting officer's] assessment in convicting" Defendant. [MIO 5] We note that Defendant's memorandum does not clearly convey whether the trial court did actually rely on the disputed portion of the arresting officer's testimony in deciding whether to convict Defendant for DWI. *See State v. Pickett*, 2009-NMCA-077, ¶ 15, 146 N.M. 655, 213 P.3d 805 (affirming a conviction involving potentially improper evidence where "there is no indication that [the trial court] 'must have' considered [the evidence] in an inappropriate way"); *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156 (holding that during a bench trial "the judge often hears evidence or argument that he or she must subsequently disregard when functioning as fact-finder"); *id.* ("We presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision.").

**{3}**     Regardless, that portion of the arresting officer's testimony focuses on Defendant, not his passenger. That is, Defendant permitted the passenger to engage in dangerous behavior while continuing to drive. We therefore conclude that this testimony from the arresting officer does not demonstrate that the trial court improperly relied on the conduct of Defendant's passenger in convicting Defendant of DWI. Additionally, we note that the arresting officer testified to a number of other factors that the trial court could have appropriately considered in determining whether to convict Defendant, including the odor of alcohol, bloodshot watery eyes, slurred speech, and poor performance on the standardized field sobriety tests. *See State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes and narrowly missed hitting a truck).

**{4}**     Defendant next asserts that the trial court erred in allowing the State to present evidence of signs of intoxication that occurred after the BAC test was administered. [MIO 7-8] In our proposed disposition, we noted that Defendant did not provide us details of what this evidence was. [CN 3] In his memorandum in opposition, Defendant asserts that the evidence was lapel videos showing Defendant's "apparent confusion over what happened to his phone and then also show[ing] him vomiting in a trash can." [MIO 8] Defendant contends that these videos were overly prejudicial, cumulative, and should have been excluded under Rule 11-403 NMRA. [MIO 8-9]

**{5}**     Rule 11-403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice is a fact sensitive inquiry,

and "much leeway is given trial judges who must fairly weigh probative value against probable dangers." *State v. Bailey*, 2015-NMCA-102, ¶ 20, 357 P.3d 423 (internal quotation marks and citation omitted). In this circumstance we review the district court's determination for an abuse of discretion. *Id.*; *see City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 27, 121 N.M. 144, 909 P.2d 25.

{6}     We fail to see how the lapel videos contained unfairly prejudicial or cumulative evidence. Defendant's apparent confusion over the loss of his phone and then subsequent vomiting were probative of his impairment. *See State v. Maxwell*, 2016-NMCA-082, ¶ 24, 384 P.3d 116 ("Evidence is not unfairly prejudicial simply because it inculpates the defendant." (internal quotation marks and citation omitted)). We also conclude that the lapel videos were not needlessly cumulative given that they were submitted to demonstrate additional signs of impairment that were not presented through the testimony of the arresting officer. *See Westland Dev. Co.*, 1995-NMCA-136, ¶ 27 ("We defer to the sound discretion of the trial judge in determining whether evidence should be excluded as cumulative.").

{7}     Even to the extent the admission of the lapel videos was in error, we conclude that such admission was harmless. As Defendant acknowledges, "[t]he State did not need this additional evidence of intoxication when it already had [the arresting officer's] testimony about his observations of [Defendant] and his performance on the field sobriety testing." [MIO 8] *See State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245 (holding that, absent a constitutional violation, an appellate court's harmless error analysis looks to "whether there is a reasonable probability that the error affected the verdict").

{8}     Lastly, Defendant continues to maintain that there was insufficient evidence to convict him of DWI because he did not admit to drinking, he did not show signs of bad driving aside from the behavior of his passenger, the officer's observations of signs of intoxication could have been attributable to other causes, and the wind could have impacted his performance on the standardized field sobriety tests. [MIO 11] However, this Court does not reweigh the evidence and, as we have already noted, there was sufficient evidence to convict Defendant of DWI. [CN 5] *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact finder").

{9}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{10}    IT IS SO ORDERED.

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**