This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42075**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SHANIA MIRACLE MCQUERRY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Amanda Sanchez Villalobos, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals from her conviction, following a jury trial, for one count of second degree criminal sexual contact of a minor (deadly weapon). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement. Having duly considered the memorandum and the motion, we remain unpersuaded and affirm.

**Motion to Amend the Docketing Statement**

**{2}** Defendant's motion to amend the docketing statement asserts seven issues. [Mtn. 5, 8-9, 10, 12-14] This Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Three of the issues Defendant asserts in her motion to amend—ineffective assistance of counsel, prosecutorial misconduct, and cumulative error—were previously raised in the docketing statement and addressed in our notice. [Mtn. 5, 10, 12; DS PDF 12-15; CN 8-11] Because these assertions of error are based on the same theories as presented in the docketing statement and do not specifically point out factual or legal flaws in our proposed analysis, Defendant does not demonstrate error and we deny the motion to amend the docketing statement as it relates to these issues. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Rael*, 1983-NMCA-081, ¶¶ 7-8.

**{4}** As to the remaining four issues, Defendant's motion to amend seeks to assert the following: (1) the jury instructions failed to include material statutory elements; (2) juror misconduct and potential conflicts of interest may have affected the verdict; (3) the presence of a testifying witness' emotional support animal was prejudicial; and (4) testimony regarding uncharged acts by Defendant—specifically, that Defendant sent photos from Victim's phone to her own phone—was inadmissible and constituted fundamental error. [Mtn. 8-9, 10, 13-14] Defendant's motion to amend states that "subsequent to the filing of the original docketing statement, additional matters arose from a detailed review of the trial record," and "the additional [asserted] matters have emerged from a thorough review of the trial record and the denial of the [m]otion for [n]ew [t]rial, revealing plain and fundamental errors that were not fully apparent at the time of the initial docketing statement's preparation." [Mtn. 3, 16] We briefly address the specific issues Defendant seeks to assert.

**{5}** Defendant seeks to assert that the jury instructions failed to include material statutory elements, [Mtn. 8-9] but does not provide factual context for the challenged instructions and does not explain how the issue was preserved, stating instead that Defendant's trial counsel "seemingly argued" that the instructions at issue "were improper as a lesser included" offense. *See Rael*, 1983-NMCA-081, ¶¶ 7-8; *see also State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (stating that this

Court will not search the record to find whether an issue was preserved); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (providing that "[w]e will not search the record for facts, arguments, and rulings in order to support generalized" assertions of error). Even assuming the issue was preserved, Defendant acknowledges but does not substantively address the fact that the instructions appear to explain the alternate ways a defendant may be charged under the relevant statute. [Mtn. 8; DS PDF 9-12; RP 92, 97] *See* NMSA 1978, § 30-9-13 (2003); *see also State v. Mora*, 2003-NMCA-072, ¶ 21, 133 N.M. 746, 69 P.3d 256 (clarifying that Section 30-9-13 is a "multi-purpose statute written with many alternatives" that "may be charged in alternate ways"). To the extent Defendant asserts that these claims of instructional error resulted in prejudice, "[a]n assertion of prejudice is not a showing of prejudice." *State v. Ernesto M. (In re Ernesto M., Jr.*), 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. For these reasons, we conclude this issue to be nonviable. *See Moore*, 1989-NMCA-073, ¶¶ 36-51.

**{6}** Defendant also seeks to assert that juror misconduct and potential conflicts of interest may have affected the verdict. [Mtn. 10-11] These assertions were among the issues Defendant raised in her motion for a new trial, [RP 122-23] and Defendant does not assert error in the district court's denial of that motion. "[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments that the district court has erred," and "[a]bsent any argument applying the relevant law to the particular facts and circumstances and explaining why the district court erred, we apply our presumption of correctness and affirm." *State v. Johnson*, 2024-NMCA-015, ¶ 38, 541 P.3d 141) (text only) (citation omitted), *cert. denied* (S-1-SC-40040, Nov. 14, 2023). We therefore conclude this issue to be nonviable. *See Moore*, 1989-NMCA-073, ¶¶ 36-51.

**{7}** As to Defendant's assertion that the presence of a testifying witness' emotional support animal resulted in prejudice and required the provision of a mitigating instruction, [Mtn. 13] Defendant has failed to cite any relevant authority in support of such assertion. This Court will not consider an issue that is not supported by cited authority, and where no authority is cited, we may assume no such authority exists. *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. Although Defendant cites to *State v. Marquez*, 1998-NMCA-010, ¶ 8, 124 N.M. 409, 951 P.2d 1070, and states that "a jury instruction to mitigate potential bias" was provided in that case "to mitigate potential bias when a child witness held a teddy bear during testimony," [Mtn. 13] we note that *Marquez* does not set forth this proposition. Rather, in *Marquez*, this Court discussed a New York case in which such facts occurred. Notably, the jury in *Marquez* was not provided with any mitigating instruction, yet this Court held that the district court did not abuse its discretion in allowing the child witness to testify while holding a teddy bear. *Id.* For these reasons, we conclude this issue to be nonviable. *See Moore*, 1989-NMCA-073, ¶¶ 36-51.

**{8}** Lastly, Defendant seeks to assert that testimony regarding uncharged acts by Defendant—specifically, that Defendant sent photos from Victim's phone to her own phone—was inadmissible under Rule 11-404(B) NMRA and, as an unpreserved issue, constituted fundamental error. *See Rojo*, 1999-NMSC-001, ¶ 45 (reviewing an

unpreserved evidentiary issue for fundamental error). "In order to find either plain or fundamental error, . . . we must be convinced that the admission of the evidence in question creates grave doubts concerning the validity of the verdict." *Id.* (internal quotation marks and citation omitted). Because Defendant did not address plain error in her docketing statement, motion to amend the docketing statement, or memorandum in opposition, we review this issue only for fundamental error. *See State v. Abril*, 2003-NMCA-111, ¶ 14, 134 N.M. 326, 76 P.3d 644, *overruled on other grounds by State v. Torres*, 2012-NMCA-026, ¶ 38, 272 P.3d 689 (explaining that because plain error is broader than fundamental error and constitutes an "exercise of remedial discretion," it should be briefed by the defendant to justify our discretion to redress the unpreserved error).

**{9}** "Rule 11-404(B) allows evidence of other misconduct to be admitted, if legally relevant, for numerous other purposes, including to prove the intent of the defendant." *State v. Bailey*, 2015-NMCA-102, ¶ 12, 357 P.3d 423; *see also* Rule 11-404(B) (providing that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). We employ the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice." *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted). "Accordingly, we will use the doctrine to reverse a conviction only if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served." *Id.* (internal quotation marks and citation omitted). Given the breadth of alternative purposes for which the testimony at issue may have been admissible, and because Defendant fails to provide any factual context that could demonstrate otherwise, we conclude this issue to be nonviable. *See Moore*, 1989-NMCA-073, ¶¶ 36-51; *Rael*, 1983-NMCA-081, ¶¶ 7-8.

**{10}** Ultimately, Appellant has not presented any facts, authority, or argument in the memorandum in opposition to persuade this Court that our proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where a party cites no authority to support an argument, we may assume no such authority exists). We therefore deny the motion to amend the docketing statement as nonviable.

**Memorandum in Opposition**

**{11}** In her memorandum in opposition, Defendant maintains that (1) the evidence was insufficient to support her conviction because she did not take any "affirmative

action" with a firearm during the alleged acts; (2) she received ineffective assistance of counsel; and (3) cumulative error requires reversal. [MIO 2, 5-6]

**{12}** Regarding the sufficiency of the evidence supporting Defendant's conviction, specifically as it relates to Defendant's use of a firearm, Defendant contends that "[t]here was no testimony that [Defendant] displayed, referenced, brandished, or otherwise leveraged the firearm to facilitate the alleged sexual contact." [MIO 3] Defendant further asserts that "[t]he record contains no evidence that the firearm was used to threaten, intimidate, or otherwise facilitate the offense beyond alleged possession before the act." [MIO 3] To the contrary, however, the record reflects that the jury heard testimony that prior to placing her hand on Victim's unclothed breast, Defendant "pulled out a handgun, plac[ed] it next to [Defendant's] own thigh and then smil[ed] at" Victim. [DS PDF 2] Thereafter, Defendant "placed her hand on [Victim's] unclothed breast." [DS PDF 2] Further, Victim testified that she felt scared during the interactions with Defendant. [DS PDF 2] The jury also heard testimony by the State's expert witness, a licensed psychiatric mental health practitioner and SANE nurse diagnostician, who stated that Victim reported "sexual contact with [her] body and use of a firearm, specifically contact on skin of [Victim's] breasts and genitals." [DS PDF 6-7]

**{13}** To the extent Defendant maintains that the word "use," as included in the jury instruction without further definition, could have been misinterpreted by the jury as meaning mere "passive possession" of the firearm, we emphasize that the evidence presented at trial was sufficient to support a jury's finding that the firearm was present during the encounter, that Victim knew that the firearm was present, and that Defendant intentionally used the firearm to facilitate the commission of the assault. *See State v. Zachariah G.*, 2022-NMSC-003, ¶ 19, 501 P.3d 451 (clarifying that "facilitative use" is "distinct from incidental exposure or mere possession" and is demonstrated where "(1) a deadly weapon is present . . . during the encounter, (2) the victim knows or . . . has reason to know that the defendant has a deadly weapon, and (3) the presence of the weapon is intentionally used to facilitate the commission of the assault"). Further, to the extent Defendant maintains that the evidence was insufficient to support a finding of Defendant's intent to leverage the firearm to facilitate the commission of the assault, we reiterate that a defendant's knowledge or intent generally presents a question of fact for a jury to decide, *State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820, and is often proved by circumstantial rather than direct evidence. *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alterations, internal quotation marks, and citation omitted)); *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances").

**{14}** Defendant further maintains that under *Zachariah G.*, there must be a nexus between verbal threats by the defendant in tandem with the visible presence of a firearm in order to demonstrate facilitative use of a deadly weapon. We disagree. In that

case, our Supreme Court specified that "the focus of whether a deadly weapon was *used* in an assault should be on the nexus between the deadly weapon and the assault." *Zachariah G.*, 2022-NMSC-003, ¶ 27 (emphasis in original). The specific facts regarding the defendant's verbal threats against the victim were the basis for the Court's conclusion that the defendant intentionally used the weapon in facilitating the assault. *See id.* ¶¶ 25-28. Contrary to Defendant's assertion, *Zachariah G.* does not require there to be verbal threats in order to find facilitative use of a firearm in the commission of an assault.

**{15}**    Regarding Defendant's assertions regarding ineffective assistance of counsel and cumulative error, we emphasize that although Defendant states her opposition to the proposed affirmance, she does not specifically point out error in the facts and law relied on in the calendar notice. *See Hennessy*, 1998-NMCA-036, ¶ 24. Indeed, Defendant's memorandum in opposition has not provided this Court with any more facts, law or authority to demonstrate error in either the proceedings below or the proposed affirmance. For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{16}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**