904 P.2d 595

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**MICHAEL S., Defendant–Appellant.**

**No. 16513.**

Court of Appeals of New Mexico.

Sept. 7, 1995.

Tom Udall, Attorney General, Santa Fe, for Plaintiff–Appellee.

Robert E. Tangora, Tangora & Whitley, P.C., Santa Fe, for Defendant–Appellant.

## *OPINION*

HARTZ, Judge.

The Child was tried and convicted as a youthful offender, and sentenced as an adult. He appeals his conviction and his treatment as a youthful offender rather than as a juvenile. The first calendar notice proposed to affirm, and Defendant has filed a memorandum in opposition. We affirm.

The Child was in custody at the Otero County Juvenile Detention Center. While attempting to escape, he rushed a guard and hit her on the back of the head several times. The guard suffered temporary bruises and red marks on her head and neck. The Child was convicted of misdemeanor aggravated battery in violation of NMSA 1978, Section 30–3–5(B) (Repl.Pamp.1994). He contends that this crime, as a misdemeanor, should not be included among the offenses that may subject a minor to treatment as a youthful offender. The Child points out that the other offenses on the list drawn up by the legislature are felonies; the offense of which he was convicted is the only misdemeanor on the list. NMSA 1978, § 32A–2–3(I) (Repl. Pamp.1993).

The plain language of the statute, however, does not differentiate between misdemeanor aggravated battery and felony aggravated battery. Instead, both types of aggravated battery are included in the statute's definition of youthful offender. Section 32A–2–3(I)(1)(d). Ordinarily, we should give effect to the plain language of a statute. *See State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990).

Defendant argues that we should not apply the plain language of the statute in this case because it is contrary to the legislature's obvious intent and leads to an unjust result. He complains that a child who commits manslaughter or felony criminal sexual contact will be subject to a lesser penalty than he, even though he committed only a misdemeanor.

We do not agree that basing youthful offender treatment on a misdemeanor aggravated battery is contrary to the legislature's manifest intent or that it leads to an unjust result. The legislature expresses its intent through the language of the statute, which includes misdemeanor aggravated battery within its scope. We see no incongruity or injustice in the legislature's decision to include misdemeanor aggravated battery in the list of offenses that may lead to youthful offender treatment. We note that the court has "discretion to invoke either an adult sentence or juvenile sanctions on a youthful offender." NMSA 1978, § 32A–2–20(A) (Repl.Pamp.1993).

As to the exclusion of manslaughter and certain sexual assaults from the list, we can only speculate as to why they were not included. In any event, their exclusion does not call into question the legislature's inclusion of misdemeanor aggravated battery. If an error or oversight led to an omission from the list, the answer is not to remove from the list an offense that the legislature clearly included. The district court's treatment of the Child as a youthful offender is affirmed.

The Child also argues that he did not have the requisite intent to injure the guard. Intent need not be established by direct evidence, but may be inferred from the Child's conduct and the surrounding circumstances. *See State v. Valles*, 84 N.M. 1, 498 P.2d 693 (Ct.App.1972). There was evidence that the Child struck the guard not once, but several times, on the back of the head. These blows caused bruises and red marks on the guard's head and neck. From this evidence the jury could reasonably infer that the Child intended to injure the guard with his blows, despite his testimony that he only wanted the guard to release the keys she was holding. We therefore affirm on this issue as well.

The Child's conviction and resulting sentence are affirmed.

**IT IS SO ORDERED.**

APODACA, C.J., and BLACK, J., concur.