This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                          **No. 35,516**

**IRIN K. M.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett PC
Linda Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Child Irin K.M. appeals from his conviction by jury trial of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003). In this Court's notice of

proposed disposition, filed August 19, 2016, we proposed to summarily affirm. Child filed a timely memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm Child's conviction.

**{2}** In his MIO, Child continues to assert the same two arguments that he raised in his docketing statement: that there was insufficient evidence to support his conviction and that the district court did not weigh the proper factors for disposition of an adjudicated delinquent offender. [MIO 1, 3–4] Child raises no new facts that are not otherwise addressed by this Court's notice of proposed disposition. Instead, he argues that (1) the evidence was insufficient as to intent because Child testified that his reason for tampering with the evidence was because he did not want his grandmother to be upset [MIO 2], and (2) the fulfillment of the legislative purpose regarding adjudication of a delinquent offender can only be accomplished when a proper record is made with findings [MIO 3–4].

**{3}** With regard to the sufficiency argument, we reiterate that, "[o]n appeal, the appellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the [S]tate, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and

citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required

for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "The appellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

{4}     Although Child claims that he attempted to clean the blood because it was his grandmother's house and he did not want to upset her, as Child concedes [MIO 2], "circumstantial evidence alone can amount to substantial evidence" and "intent is subjective and is almost always inferred from other facts in the case." *State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641. Indeed, "[i]ntent need not be established by direct evidence, but may be inferred from the [c]hild's conduct and the surrounding circumstances." *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595. Moreover, although Child claims that he did not intend to tamper with evidence and that his only intention was to keep his grandmother from being upset [MIO 2], the jury was free to reject Child's version of the facts. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{5} Additionally, although Child contends that he is subject to different legal processes because he is a minor, he cites no authority for his argument that despite the fact that Child cleaned blood from his bedroom, in a hallway, and on the front porch from a violent rape and assault committed by a co-defendant [*see* CN 3–4; DS 3], and instead based solely on the fact that he is under the age of eighteen, "there is simply insufficient evidence to establish that a minor child could comprehend that, by cleaning up blood to spare his grandmother's sensibilities, he was in fact interfering with an inevitable future law enforcement investigation." [MIO 2–3] As such, we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We therefore conclude that there was sufficient evidence to support the conviction, including with regard to Child's intent.

{6} With regard to Child's argument regarding the district court's dispositional judgment, as Child concedes and as we explained in our notice of proposed disposition, findings on the enumerated factors in NMSA 1978, Section 32A-2-19 (2009) are not required. [MIO 3; CN 5–6] Morever, as also indicated in our notice of proposed disposition, there is no evidence that the district court did not consider the factors identified in the statute. [*See* CN 6; *see also* MIO 3–4] As this Court operates under a presumption of correctness in the district court's rulings, *see State v. Aragon*,

1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings of the trial court, and the party claiming error bears the burden of showing error), we conclude that the district court did not err.

{7} Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Child's conviction.

{8} **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**