This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                      **No. A-1-CA-36382**

**JEREMY W. ROBERTS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant Jeremy W. Roberts appeals from his convictions, after a jury trial, of false imprisonment, contrary to NMSA 1978, Section 30-4-3 (1963), and battery against a household member, contrary to NMSA 1978, Section, 30-3-15 (2008). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

{2}    Defendant continues to argue that there was insufficient evidence to support his convictions. Defendant provides a few more additional facts than previously provided in his docketing statement. However, the additional facts do not persuade us to reconsider our proposed disposition. We therefore hold that there was sufficient evidence to support the convictions and that Defendant has failed to clearly demonstrate error below. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (stating that we review sufficiency in the light most favorable to the prosecution, resolving all conflicts and making all permissible inferences in favor of the jury's verdict); *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citation omitted)); *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be

established by direct evidence, but may be inferred from the [defendant's] conduct and the surrounding circumstances"). "There is a presumption of correctness in the district court's rulings[,]" and the party claiming error bears the burden of showing error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211; *see Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**{3}** Defendant additionally argues that Victim's story that she was beaten was not credible, but as we stated in our notice of proposed disposition, matters of credibility are for the jury to determine. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not re-weigh the evidence, and we will not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. We further reiterate that the jury was free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{4}** Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{5}** **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**TIMOTHY L. GARCIA, Judge**