STATE V. HEH

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**CHRISTOPHER JASON HEH,**
**Defendant-Appellant.**

Docket No. A-1-CA-37246
COURT OF APPEALS OF NEW MEXICO
April 18, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Jacqueline D. Flores, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Caitlin C.M. Smith, Assistant Public Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals from his conviction, after a jury trial, of unlawful taking of a motor vehicle. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2}     Defendant continues to argue that (1) there was insufficient evidence to support the finding that he did not mistakenly believe he had the owner's permission to take the car [MIO 5]; and (2) his defense counsel was ineffective for failing to file a motion to suppress evidence prior to trial [MIO 7]. Defendant has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{3}     Moreover, with regard to Defendant's sufficiency claim, although this Court appreciates the more detailed facts identified in Defendant's memorandum in opposition, *see* Rule 12-208(D)(3) NMRA, we nevertheless reiterate that it was for the jury to resolve any conflicts in the testimony and determine weight and credibility, and it was free to reject Defendant's version of the facts. *See  State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "intent is subjective and is almost always inferred from other facts in the case" (alterations, internal quotation marks, and citation omitted)); *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances").

{4}     With regard to Defendant's ineffective assistance of counsel claim, we remain are unpersuaded at this time that Defendant's trial counsel's actions rose to the level necessary to establish a prima facie case of ineffective assistance of counsel. *See State v. Roybal*, 2002-NMSC-027, ¶ 25, 132 N.M. 657, 54 P.3d 61 (noting that "mere evidentiary prejudice is not enough" and stating that trial "[c]ounsel's deficient performance must represent so serious a failure of the adversarial process that it undermines judicial confidence in the accuracy and reliability of the outcome"). We nevertheless reiterate that "[h]abeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (alteration, internal quotation marks, and citation omitted).

{5}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{6}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JENNIFER L. ATTREP, Judge**