This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38076**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ERNESTO BENAVIDEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Associate Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his conviction, after a jury trial, of one count of aggravated stalking (violation of protection order), contrary to NMSA 1978, Section 30-3A-3.1 (1997), and five counts of violation of an order of protection, contrary to NMSA 1978, Section 40-13-6 (2013). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and motion to amend, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Defendant abandons all but three issues, *see State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (providing that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned): (1) whether there was sufficient evidence to convict Defendant of aggravated stalking [MIO 5], (2) whether "[Defendant's] convictions for both aggravated stalking and violation of an order of protection violated his right to be free from double jeopardy" [MIO 8], and (3) whether the district court erred by preventing Defendant from calling witnesses "to present 'defense of another.' " [MIO 13] Defendant moves to amend his docketing statement as to the second issue, to make his argument one of double description rather than unit of prosecution. [MIO 1-2] We address this issue last.

**Sufficiency**

**{3}**     In his memorandum in opposition, Defendant invites us to look to a statute and uniform jury instruction for what the State was required to prove at trial. [MIO 6] We reiterate that "[t]he jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (alteration, internal quotation marks, and citation omitted). Therefore, in evaluating sufficiency of the evidence, we look to the jury instructions *as given. See id.*; *State v. Arrendondo*, 2012-NMSC-013, ¶¶ 19-20, 278 P.3d 517. Because the term "reasonable apprehension" does not appear in the jury instructions at issue, Defendant's exploration of the meaning of that term is misplaced. [MIO 6-7]

**{4}**     We address this issue to the extent Defendant argues there was insufficient evidence that Defendant "maliciously pursued a pattern of conduct that would cause a reasonable person to feel frightened, intimidated or threatened on more than one occasion by harassing [Victim.]" [MIO 6-8; RP 145] Defendant points to evidence suggesting that a reasonable person would not feel frightened, intimidated, or threatened by Defendant's conduct. [MIO 6-7] To the extent the evidence he cites would support such a proposition, it nonetheless does not provide a basis for reversal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a d]efendant's version of the facts."). Moreover, evidence that Victim may not have read some or all of the letters [DS 6-7] is not relevant in determining whether *Defendant* "pursued a pattern of conduct that *would* cause a reasonable person to feel frightened, intimidated or threatened." [RP 145 (Emphasis added.)] *See Holt*, 2016-NMSC-011, ¶ 20.

**{5}**     Defendant also suggests the State did not prove the required intent for aggravated stalking. [MIO 7-8] He writes, "[Defendant] may have exaggerated the extent of [his and Victim's] online relationship in his own mind, but that in itself does not amount to an intent to place [Victim] in harm's way. The tone of the letters does not suggest that intent." [MIO 7-8] We construe this as an argument that there was insufficient evidence either that Defendant acted maliciously or that he "intended to

cause a reasonable person to fear for the person's safety or the safety of a household member" for purposes of stalking. [RP 145]

**{6}** As Defendant acknowledges in his memorandum in opposition, the letters contained bible tracts; a reference to "the Victoria Marten case, a child whose mother solicited men to have sex with her daughter" and who "was later found dismembered in a burning blanket"; "documents regarding his acquittal on a criminal sexual penetration charge, a drawing of roses, and 'love eternally' "; and "songs or poems[.]" [MIO 4-5] From these letters, the jury was free to infer the requisite intent. *See State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "intent is subjective and is almost always inferred from other facts in the case" (alteration, omission, internal quotation marks, and citation omitted)); *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595; *see also Rojo*, 1999-NMSC-001, ¶ 19 (stating that the jury is free to reject a defendant's version of the facts). Therefore, we conclude that sufficient evidence supported Defendant's conviction. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)).

**Defense of Others**

**{7}** In our proposed disposition, we proposed to reject Defendant's contention that he should have been allowed to present evidence that Victim's family was abusing her or giving her drugs. [CN 12] We proposed to affirm because Defendant had not "explained what evidence he sought to admit regarding his concern over '[V]ictim's exposure to drugs and abuse;' . . . on what grounds the district court excluded the evidence; or how Defendant was in fact prejudiced by the omission of the evidence[.]" [CN 11] *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that this Court could not grant relief where the defendant failed "to provide us with a summary of all the facts material to consideration of this issue, as required by [Rule 12-208(D)(3) NMRA.]"); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{8}** In Defendant's memorandum in opposition, Defendant does not dispute our proposed conclusions that this evidence would be relevant only to Defendant's aggravated stalking charge or that we review this issue for abuse of discretion. [CN 9] Rather, Defendant points out that he "could have introduced that evidence on cross-examination of [Victim]." [MIO 13] He suggests that his lack of opportunity to do so prejudiced him because "[t]his evidence would have negated a finding that he acted with an intent to place [Victim] in imminent fear of harm because his theory was that the letters were a step in freeing her from her family." [MIO 13-14] However, Defendant fails to explain the grounds on which the district court omitted this evidence or what argument he raised with the district court in his attempt to introduce the evidence, instead only repeating that the district court "refused to allow" it. [MIO 14, 15] We remain without sufficient facts to further address Defendant's argument that the district court

abused its discretion when it "refused to allow" the testimony at issue. *See Chamberlain*, 1989-NMCA-082, ¶ 11.

**{9}** Moreover, even if the district court did abuse its discretion, we would only reverse if the error were not harmless. "Error in the exclusion of evidence in a criminal trial is prejudicial and not harmless if there is a reasonable possibility that the excluded evidence might have affected the jury's verdict." *State v. Balderama*, 2004-NMSC-008, ¶ 41, 135 N.M. 329, 88 P.3d 845. "In the absence of prejudice, there is no reversible error." *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104.

> [I]n reaching a judgment as to the likely effect of the error, courts should evaluate all of the circumstances surrounding the error. This requires an examination of the error itself, which depending upon the facts of the particular case could include an examination of the source of the error and the emphasis placed upon the error.

*State v. Tollardo*, 2012-NMSC-008, ¶ 43, 275 P.3d 110. The State's evidence of Defendant's guilt may be relevant or even necessary to determine the role the error may have played and its importance, although it should not be mistaken for the former determinative test. *See id.*

**{10}** Defendant's failure to provide details regarding the alleged error makes it impossible to evaluate "all of the circumstances surrounding" it. *See id.* Nor has Defendant provided enough information to examine the error itself, the source of the error, or the emphasis placed on the error. *See id.* As we noted in our notice of proposed disposition, the content of the letter, sent after an order of protection was entered against Defendant, is a strong indication that Defendant did not somehow intend the letter to defend or protect Victim from her family. *See id.* [MIO 14] Thus, Defendant's memorandum in opposition fails to convince us that there was a reasonable possibility that evidence that Defendant believed Victim was "the victim of abuse or endangerment at the hand of her family members" [MIO 13] might have affected the jury's verdict. *See Corona*, 2014-NMCA-071, ¶ 28. We therefore affirm the district court's ruling in this regard. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error); *Chamberlain*, 1989-NMCA-082, ¶ 11.

## Double Jeopardy

**{11}** Defendant argues that his convictions for violation of an order of protection alongside his conviction for aggravated stalking violate his right to be free from double jeopardy and that we should therefore vacate his convictions for violations of orders of protection. [MIO 8, 13] Although Defendant raised a double jeopardy argument in his docketing statement, he has changed the nature of his argument in his memorandum in opposition and filed a motion to amend to raise the "double-description" issue, now arguing that he was "charged with more than one statutory violation for the same

conduct." [MIO 1, 8] *See State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61.

**{12}**   For this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. As we explain, the issue Defendant raises is not viable.

**{13}**   We generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77. However, when factual issues are intertwined with the double jeopardy analysis, the district court's fact determinations are subject to a deferential substantial evidence standard of review. *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737.

**{14}**   For "double description" cases, we apply the two-part test set forth in *State v. Swafford*, 1991-NMSC-043, ¶ 9, 112 N.M. 3, 810 P.2d 1223: (1) whether the conduct is unitary and (2) if so, whether the Legislature intended to punish the offenses separately. *See State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616. "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Id.* (internal quotation marks and citation omitted).

**{15}**   "When determining whether Defendant's conduct was unitary, we consider whether Defendant's acts are separated by sufficient indicia of distinctness." *See DeGraff*, 2006-NMSC-011, ¶ 27 (internal quotation marks and citation omitted). "Conduct is unitary when not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished." *Silvas*, 2015-NMSC-006, ¶ 10.

**{16}**   Defendant mistakenly assumes that the aggravating element for his conviction for aggravated stalking relies on one or all of the same letters as his convictions for violation of a restraining order. [MIO 11] He states that there were only "five letters that gave rise to the instant charges." [MIO 3] In fact, there were six letters—in listing the letters in his memorandum in opposition, Defendant seems to not recognize that two of the charges for violation of an order of protection were based on two different letters, both dated September 11, 2017. [RP 2 ¶¶ 4-5 (indictment); 148-49 (jury instructions indicating that counts three and four were for violation of order of protection for letters sent on September 11, 2017); 156-157 (jury verdicts of guilty for counts three and four)].

**{17}**     Defendant was only *convicted* of five counts of violation of an order of protection. [RP 207-08] As we noted in our notice of proposed disposition, it appears the district court granted the State's request to merge the charge for violation of an order of protection that was based on the September 18, 2017 letter, with the aggravating stalking charge. [RP 155 (Guilty verdict for the fourth letter (from September 18); RP 186-87 (state's sentencing memorandum asking that this verdict be merged with the aggravated stalking charge); RP 207-08 (judgment and sentence with conviction for aggravated stalking but not for a September 18 order-of-protection violation)]. The September 18 letter was a week removed from the letter dated next closest in time (September 11, 2017). Therefore, Defendant's conduct giving rise to his aggravated stalking conviction was not unitary with the conduct giving rise to his other convictions. *See Swafford*, 1991-NMSC-043, ¶ 28 ("If two events are sufficiently separated by either time or space . . . then it is a fairly simple task to distinguish the acts."). As this disposes of the double-jeopardy issue, we need not reach the second part of the *Swafford* test. *See Silvas*, 2015-NMSC-006, ¶ 9. As such, we consider the issue Defendant seeks to add by his motion to amend non-viable and deny the motion. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{18}**     For the reasons set forth in our notice of proposed disposition and herein, we affirm.

**{19}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**BRIANA H. ZAMORA, Judge**