This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40731**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WILLIAM GILSDORF,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, from the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals his misdemeanor conviction for violating a temporary restraining order (TRO). [RP 138] Specifically, Defendant contends that there is insufficient evidence to demonstrate that he knowingly violated the TRO. [BIC 7] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{3}** The jury instructions for violating a restraining order prohibiting domestic violence required the State to prove beyond a reasonable doubt that: (1) a TRO was filed in cause number D-1215-DV-2021-00155; (2) the TRO was valid on December 12, 2021; (3) Defendant knew about the TRO; (4) Defendant "knowingly violated the [TRO] by contacting [Victim] outside the time of around 7[:00 p.m.] or about matters other than speaking to the child"; and (5) this happened on or about December 12, 2021. [RP 114]

**{4}** According to Defendant's brief in chief, the following material evidence was presented at trial. Defendant and Victim were in a long-term relationship and had a seven-year-old son together. [BIC 1] Victim obtained a TRO against Defendant, which explicitly prohibited Defendant from contacting Victim "in any way except through [Victim's] lawyer, if [Victim] has a lawyer." [BIC 2] The sole exception to this prohibition allowed Defendant to contact Victim everyday around 7:00 p.m. via phone to speak with their son. [BIC 2] Defendant was also permitted to pick his son up from school every other Friday for scheduled visitation. [BIC 2] Defendant concedes that he received the TRO via certified mail after it was entered by the court. [BIC 2, 9]

**{5}** Victim contacted Defendant in the middle of the day on Friday December 10, 2021, to inform him that their son had not gone to school that day due to COVID-19 quarantine requirements, but she nonetheless offered to drop off their son with him to facilitate the regularly scheduled visitation. [BIC 2-3] Over the course of that day and the next, Defendant and Victim exchanged many messages, where Defendant repeatedly expressed his frustration with Victim over the situation. [BIC 3-5] Despite multiple offers by Victim to arrange visitation, Defendant refused to pick up his son. [BIC 3-5] The conversation ended on December 11, 2021. [BIC 5]

**{6}** On December 12, 2021, Defendant again contacted Victim through the cell phone of Defendant's other son, asking Victim to use the Our Family Wizard App, a co-parenting app recommended by the family court. [BIC 6] Defendant also informed Victim via text message that day that he had obtained a guardian ad litem and would be calling later that day at 7:00 p.m. to speak with their son. [BIC 6] Victim responded to these messages, informing Defendant that she would not communicate with Defendant through his son's phone. [BIC 6] Defendant responded that he would not message Victim on her phone until the Our Family Wizard app was in place. [BIC 6]

**{7}** Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant violated the TRO. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citation omitted)); *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances"). Defendant argues that the evidence was insufficient to demonstrate that he knowingly violated the TRO as required in element four of the jury instruction. [BIC 7] It is undisputed, however that Defendant was properly served with the TRO and was thus charged with knowledge of its contents. *State v. Ramos*, 2013-NMSC-031, ¶ 21, 305 P.3d 921 ("Mandatory service of the order of protection provides the restrained party with knowledge that certain actions will be considered criminal, even actions that would not otherwise be considered criminal in other circumstances."). As outlined above, on December 12, 2021, Defendant contacted Victim outside the allowed time of 7:00 p.m. and for purposes other than asking to speak with their son in direct violation of the terms of the TRO.

**{8}** To the extent that Defendant implies that contrary evidence supported his belief that he was permitted to contact Victim despite the explicit terms of the TRO, we remind him that the jury was free to reject his version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Further, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Accordingly, we conclude that the evidence presented was sufficient to sustain Defendant's conviction for violating the TRO.

**{9}** For the foregoing reasons, we affirm Defendant's conviction.

**{10}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**