This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40853**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**GREG MATTHEW SANCHEZ**
**a/k/a GREG SANCHEZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Court Judge**

Raúl Torres, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Harrison, Hart & Davis, LLC
Nicholas T. Hart
Margie A. Rutledge
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**Rule 5-204(A) NMRA**

**{2}** Defendant appeals his convictions for battery upon a peace officer, resisting, evading, or obstructing an officer, and criminal trespass. [RP 184] Defendant first argues that the district court erred in allowing the State to amend Count 2 of the information (battery upon a peace officer) to change the alleged victim of the Count from Officer Sanchez to Officer Casias.

**{3}** Pursuant to Rule 5-204(A):

A complaint, indictment, or information shall not be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, because of any defect, error, omission, imperfection, or repugnancy therein *which does not prejudice the substantial rights of the defendant upon the merits.* The court may at any time prior to a verdict cause the complaint, indictment or information to be amended in respect to any such defect, error, omission or repugnancy if no additional or different offense is charged and *if substantial rights of the defendant are not prejudiced.*

(Emphases added.) The requirement to show prejudice in order to establish reversible error in an amended information is further emphasized in Rule 5-204(D), which provides "[n]o appeal, or motion made after verdict, based on any such defect, error, omission, repugnancy, imperfection, variance, or failure to prove surplusage shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced in the defendant's defense on the merits." *See State v. Cutnose*, 1974-NMCA-130, ¶ 16, 87 N.M. 307, 532 P.2d 896 (refusing to conclude there was reversible error in an alleged defect in the indictment where the defendant did not establish any resulting prejudice).

**{4}** In this case, the State sought to amend the information six days prior to trial to change the name of the Victim from Officer Sanchez to Officer Casias with respect to Count 2, for battery upon a peace officer. Defendant had previous notice of Officer Casias's involvement in both the underlying incident and this case as he was listed on the State's initial witness list, filed one week after the original information. [RP 53] Moreover, Defendant also had access to the lapel camera video of the altercation with Officer Casias, and conducted a pretrial interview of Officer Casias in preparation for trial. [RP 123, 126; AB 11-12] In addition, the district court offered Defendant's counsel an opportunity to reinterview Officer Casias after the amendment was allowed. [AB 12] Defendant declined to interview Officer Casias again, apparently finding it unnecessary. [AB 12] Finally, we note that Defendant was able to cross-examine Officer Casias at trial based on all the information he possessed and pretrial preparation he was able to undertake based on the discovery available to him. [AB 12-13]

**{5}** Given the foregoing, we conclude that Defendant has not established any prejudice resulting from the amendment allowed here. Defendant briefly argues that "prejudice is evident in the lack of notice provided to the defense, precluding the defense from fully preparing for a new charge and denying defense the opportunity to fully investigate a new theory of the case." [BIC 16] Defendant fails, however, to identify what the new theory of the case would have been, nor why he did not avail himself of the opportunity to reinterview Officer Casias prior to his trial testimony if there was a pressing need to develop a new defense theory. *See State v. Marquez*, 1998-NMCA-010, ¶ 20, 124 N.M. 409, 951 P.2d 1070 ("The mere assertion of prejudice, without more, is insufficient to establish prejudicial error warranting reversal of a conviction." (internal quotation marks and citation omitted)).

**{6}** Defendant also argues that prejudice is evident "in the State's contention that the complex interaction between a suspect and a police officer can be reasonably replaced by another complex interaction between that same suspect and an entirely different police officer." [BIC 16] Defendant again fails to articulate exactly how this substitution prejudiced him in light of all the knowledge and information regarding the interaction he had with Officer Casias from the very beginning of this case as detailed above. *See Marquez*, 1998-NMCA-010, ¶ 20; *see also State v. Myers*, 2009-NMSC-016, ¶ 46, 146 N.M. 128, 207 P.3d 1105 (concluding that no prejudice had been established by the defendant where the "[d]efendant in the present case knew prior to trial what conduct provided the factual basis for each of the counts with which he was charged").

**{7}** Based on the foregoing analysis, we hold that the district court did not err in allowing the State to amend the information.

**Sufficiency of the Evidence**

**{8}** Defendant argues that his convictions for battery upon a peace officer (Count 1) and criminal trespass (Count 3) are not supported by sufficient evidence. "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{9}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation

marks, and citation omitted)). The jury instructions for battery upon a peace officer as charged in Count 1 required the State to prove beyond a reasonable doubt that (1) "[D]efendant intentionally touched or applied force to Tyler Sanchez by kicking him"; (2) "[a]t the time, Tyler Sanchez was a peace officer and was performing the duties of a peace officer"; (3) "[D]efendant knew Tyler Sanchez was a peace officer"; (4) "[D]efendant's conduct caused a meaningful challenge to the authority of Tyler Sanchez"; "[D]efendant acted in a rude, insolent, or angry manner"; and (6) "[this] happened in New Mexico on or about [August 19, 2023]." [RP 165] Defendant specifically argues that there was not sufficient evidence to support elements 1, 4, and 5. [BIC 19] We are unpersuaded.

{10}    The following material evidence was presented at trial. Officer Tyler Sanchez testified that after being called to the scene while on duty, and while attempting to subdue Defendant, they ended up on the ground in an altercation. [AB 14] Officer Sanchez testified that he then saw Defendant kick him in the leg. [BIC 19] Immediately prior to the kick, Defendant said, "[F]uck you." [AB 19] Other testimony at trial established that during the course of the entire encounter, (1) Defendant said, "[F]uck you" approximately eleven times; (2) Defendant was told that he was being placed under arrest approximately thirteen times; and (3) Defendant was told to put his hands behind his back ninety-seven times. Defendant continued on and told Officer Casias to "go suck a dick." [AB 16] The evidence further established that Defendant tried to grab Officer Casias's lapel camera, and was irate and noncompliant throughout the encounter. [AB 16]

{11}    Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we propose to conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant committed battery upon a peace officer. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alterations, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880; *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances"). Moreover, although Defendant implies that there was inconsistencies in Officer Sanchez's testimony [BIC 19], "the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Further, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

{12}    With respect to element 4, "[D]efendant's conduct caused a meaningful challenge to the authority of Tyler Sanchez," we note that what constitutes a meaningful challenge

to authority is largely a question for the jury. [RP 165] *See State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142 (declining to provide set boundaries for determining what constitutes a meaningful challenge to authority, and stating that juries must make that determination based on the circumstances and context in which the battery occurred to decide if the contact was merely offensive, or whether it rose to the level of unlawfulness). Based on the context in which the battery occurred, we conclude that the jury could have properly concluded that Defendant's act of kicking Officer Sanchez was a meaningful challenge to his authority. *See State v. Martinez*, 2002-NMCA-036, ¶ 39, 131 N.M. 746, 42 P.3d 851 (concluding that the evidence was sufficient to establish a meaningful challenge to authority when the defendant had been continuously resisting the officer's authority, spit on the officer, and kicked an officer resulting in scratching and bruising). Accordingly, we conclude that Count 1 is supported by sufficient evidence.

**{13}** As for Count 3 of the information charging Defendant with criminal trespass, the jury instructions required the State to prove beyond a reasonable doubt: (1) "[D]efendant entered or remained on the property of the New Mexico Bank and Trust without permission from the custodian of that property"; (2) "[D]efendant knew that permission to enter or remain had been withdrawn"; and (3) "[t]his happened in New Mexico on or about [August 19, 2021]." [RP 171]

**{14}** The following material evidence was presented at trial. Defendant initially walked through the drive-through area of the New Mexico Bank and Trust while employees were refilling the ATM machine in that area. [BIC 2] A teller inside observed Defendant in the area, and testified that she heard Defendant yell through the glass "I'm not here to rob the bank, I'm here to rob those people." [BIC 2] Defendant then proceeded to walk towards the ATM machine, while the teller alerted the bank's security guard. [BIC 2] The security guard told Defendant that, unless he was conducting official business with the bank, he was not allowed on the property. [BIC 2] After shouting an obscenity, Defendant left the property. [BIC 2]

**{15}** Sometime later, Defendant returned to the drive-through area of New Mexico Bank and Trust, and approached the ATM with what appeared to be a bank card in his hand. [BIC 2-3] The same security guard approached Defendant and told him he was not allowed to be on the property and needed to leave. [BIC 3] Defendant protested, stating he was there to use the ATM. [BIC 3] The security told Defendant that, based on his earlier actions, he was no longer welcome there and needed to leave. [BIC 3] Defendant again refused to leave, despite the security guard's warning that if he did not leave he could be charged with criminal trespass. [BIC 3] Testimony at trial established that Defendant was still on the property when the officers arrived on the scene. [AB 20]

**{16}** Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we propose to conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant committed criminal trespass. *See Slade*, 2014-NMCA-088, ¶ 13; *see also Flores*, 2010-NMSC-002, ¶ 19; *Michael S.*, 1995-NMCA-112, ¶ 7.

Moreover, although Defendant implies that statements of the security guard led Defendant to believe that he had permission to enter the property [BIC 22-23], the jury was free to reject Defendant's version of the facts. *Rojo*, 1999-NMSC-001, ¶ 19. To the extent that Defendant argues that he timely complied with all requests to leave the property, we suggest that the evidence established otherwise as described above, and we again remind Defendant that this Court does not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *Griffin*, 1993-NMSC-071, ¶ 17. Consequently, we conclude that Defendant's conviction for criminal trespass is supported by sufficient evidence.

**{17}**    For the foregoing reasons, we affirm Defendant's convictions.

**{18}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**