This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41602**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALLEN WEINRICK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Stephen Ochoa, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Aletheia V.P. Allen, Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's entry of a conditional discharge for larceny of a firearm following a jury trial. [RP 225-230] Defendant contends that the evidence was insufficient to establish the corpus delecti of the crime—that he criminally intended to take the firearm from the possession of another person—because the State relied solely on Defendant's statements for this element. [BIC 10-15] *See State v. Bregar*, 2017-NMCA-028, ¶ 45, 390 P.3d 212 ("The corpus delecti rule provides that unless the corpus delecti of the offense charged has been otherwise established, a conviction cannot be sustained *solely* on the extrajudicial confessions or admissions of the accused." (internal quotation marks and citation omitted)).

**{3}** "We review de novo any claim that the State failed to prove the corpus delecti of the charged offense, but we take all findings of fact that support a conviction as given if supported by substantial evidence." *Id.* ¶ 46. In reviewing a corpus delecti challenge to the sufficiency of the evidence, New Mexico applies the "modified trustworthiness rule," which allows the use of a defendant's statements to establish the corpus delecti of the charged crime if the State demonstrates the trustworthiness of the confession and introduces either direct or circumstantial, independent evidence. *See id.* ¶¶ 45-46. We additionally review a corpus delecti challenge in the context of our well-established framework for the sufficiency of the evidence. *See id.* ¶¶ 45-49 (addressing a corpus delecti argument in the context of a sufficiency challenge and applying sufficiency of the evidence principles on review). Because Defendant does not argue that his confession was untrustworthy and only asserts that there was no independent evidence establishing the corpus delecti [BIC 10-15], we limit our analysis to whether the State introduced sufficient direct or circumstantial evidence.

**{4}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Here, the jury was instructed, in relevant part, that it must find beyond a reasonable doubt that (1) "[D]efendant took and carried away a 12-gauge Mossberg shotgun, belonging to another, which had a market value"; and (2) "[a]t the time he took this property, [D]efendant intended to permanently deprive the owner of it." [BIC 10-11; AB 8]

**{5}** Defendant argues that his confession that he went into a double-wide trailer and took the firearm he found there was the only evidence demonstrating that he intended to permanently deprive the owner of the firearm. [BIC 11-12] But our review shows that, in addition to Defendant's admission that he entered the double-wide trailer and took the firearm, the State presented sufficient, independent evidence to establish the corpus delecti of larceny of a firearm. [BIC 5] According to Defendant's brief in chief, there were two trailers on the property—a double-wide and single-wide—and the single-wide trailer was used for storage. [BIC 2] However, no one lived on the property. [BIC 3] Defendant

entered the trailers through the unlocked doors, searched the trailers for food, and found the firearm and alcohol in the kitchen of the double-wide trailer. [BIC 6] Defendant admitted that the fridge "seemed to be working" despite his repeated assertions that he believed the double-wide trailer and property was abandoned. [BIC 6] Defendant was found the next day in the single-wide trailer with the firearm, live ammunition, knives, empty alcohol bottles, and prescription pill bottles he had taken from the double-wide trailer. [BIC 3-4, 6] Defendant had hidden the firearm under a couch in the single-wide trailer, but pulled it out and pointed it at a relative of the property owner when the relative discovered Defendant in the single-wide trailer. [BIC 2-3] Additionally, Defendant testified that the firearm was not broken, rusted, or in pieces, that he believed it was in working condition because he thought he could fire it [9/12/2023 CD 5:16:00-17:00], and that he did attempt to fire it when he was discovered in the single wide-trailer. [BIC 3, 6]

{6}     This evidence is sufficient to support an inference that, at the time Defendant took the firearm, he was aware that it belonged to another and intended to permanently deprive the owner of it. [BIC 10-11; AB 8] *See State v. Mercer*, 2005-NMCA-023, ¶ 24, 137 N.M. 36, 106 P.3d 1283 ("[I]ntent is usually established by circumstantial evidence."); *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 ("Intent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances."); *see also State v. Hixon*, 2023-NMCA-048, ¶ 44, 534 P.3d 235 (stating that for a sufficiency of the evidence challenge, "[w]e view the evidence in the light most favorable to the guilty verdict, indulging in all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," and "[w]e disregard all evidence and inferences that support a different result" (internal quotation marks and citations omitted)). Accordingly, the State presented sufficient independent evidence of the corpus delecti of larceny of a firearm apart from Defendant's confession.

{7}     Defendant also contends that the State took contradictory positions regarding his testimony. Defendant argues that the State cannot rely on his statements that he took the firearm while ignoring his testimony that he believed the firearm and property were abandoned. [BIC 13-15] We disagree. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Rather, it is for the jury to resolve any conflicts and determine the weight and credibility of the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

{8}     Based on the foregoing, we reject Defendant's challenge to the sufficiency of the evidence supporting a corpus delecti and affirm Defendant's coviction.

{9}     **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**